Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8839 | **DATE** | 12/5/2001 |
| **CASE TITLE** | Erold Elysee vs. Chicago Trust Co., et c. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly Elysee's current motion for reinstatement of this action is denied. Although for reasons other than the more simplistic one stated in the Order, it remains true that this federal court has no subject matter jurisdiction over Elysee's purported action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 0 6 2001 date docketed | 5 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 12/5/2001 date mailed notice | |
| SN | courtroom deputy's initials | DEC -5 PM 4:32 | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EROLD ELYSEE, )
)
         Plaintiff, )
)
v. ) No. 01 C 8839
)
CHICAGO TRUST COMPANY, etc., )
et al., )
)
         Defendants. )

MEMORANDUM OPINION AND ORDER

This Court's November 19, 2001 memorandum order ("Order") swiftly dispatched what then appeared to be an unintelligible one-page pro se Complaint by Erold Elysee ("Elysee"), because no federal subject matter jurisdiction was established (or even meaningfully suggested) by that brief document. Now Elysee has come forward with a photocopy of his actual Complaint, which is some 18 pages in length,[1] explaining that some physical mishap had caused the mistaken bobtailed submission. Elysee understandably asks this Court to take a fresh look at the matter in light of what he has actually alleged against the host of defendants identified in his Complaint.

Unfortunately, Elysee's detailed account of his grievances does no better in terms of getting him inside the federal courthouse door (in the figurative rather than the literal sense) than his earlier submission. Federal subject matter jurisdiction

---

[1] It turns out that what had been delivered earlier and was photocopied as an exhibit to the Order was just the first page.



is still lacking for more than one independent reason. This memorandum order identifies two such reasons, although either one is enough to require dismissal of Elysee's Complaint and this action.

Before the jurisdictional flaws are addressed, it may be noted parenthetically that Elysee purports to invoke a scattershot set of bases for his claims--not always with accuracy. Thus he refers to the United States Constitution's Fifth Amendment (which applies only against the federal government, not involved in this action) and to its Twenty-fourth Amendment (which prohibits the use of any poll tax or other tax to impair the right to vote in federal elections--an obvious typographical error, with the Fourteenth Amendment being intended instead). But those errors don't create a problem, for a litigant's mistaken reference to theories of recovery doesn't matter if the facts alleged actually state a viable federal claim. This Court has therefore given careful consideration to Elysee's allegations to see whether any federal-question claim can be discerned.[2]

In brief, Elysee complains that he has been deprived of his property--real estate located at 3731 West Grand Avenue, Chicago, Illinois--by a state court mortgage foreclosure proceeding that

---

[2] There is no diversity of citizenship involved, so that the potential alternative source of federal jurisdiction is unavailable.

2

culminated in a judgment of foreclosure on July 28, 1999 and a foreclosure sale on November 15, 1999. But one crucial problem that he faces in that respect is that not one of his targeted defendants is a "state actor"--someone who acted "under color of law" within the meaning of 42 U.S.C. Section 1983 ("Section 1983")--except for a defendant whom he identifies as "Clairassa a clerk, possibly a lawyer working as clerk for the court" (Count II ¶25).[3] And all that Elysee charges her with is having telephoned the mortgagee's lawyers to apprise them of Elysee's being in court on October 28, 1999 to try to vacate the judgment of foreclosure. That is simply too gossamer a thread to tie Clairassa to a violation of Elysee's constitutional rights, or to tie the host of other defendants to a claim of constitutional deprivation under Section 1983.

But even were that not the case, Elysee could still not look to this federal court for relief because his claimed damages stem entirely from the judgment of foreclosure in the Circuit Court of Cook County and the ensuing foreclosure sale. And the Rooker-Feldman doctrine (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)) prohibits the review of such state court decisions by a federal district court, in principal part because

---

[3] Elsewhere Elysee refers to the same person as "Clairesa (a Clerk working for Judge Jaffe)" (in the case caption) and as "Clairessa" (in Count II ¶24).

28 U.S.C. §1257 gives the United States Supreme Court the sole federal jurisdiction to review state court judgments.

Because a lack of subject matter jurisdiction is involved, the <u>Rooker</u>-<u>Feldman</u> problem may properly be raised by this Court on its own motion (see, e.g., <u>Ritter v. Ross</u>, 992 F.2d 750, 752 (7th Cir. 1993)--indeed, <u>Ritter</u> is startlingly similar to Elysee's claim here, for that case also involved a foreclosure proceeding that had assertedly deprived the plaintiffs there of their property without due process of law. For a more expansive explanation of <u>Rooker</u>-<u>Feldman</u> and the absence of federal subject matter jurisdiction where that doctrine is implicated, see <u>Garry v. Geils</u>, 82 F.3d 1362 (7th Cir. 1996).

What has been said to this point compels dismissal of this action for the want of federal subject matter jurisdiction. Although anything more is therefore unnecessary to the outcome, a brief mention may also be made of a nonjurisdictional problem--the statute of limitations--that Elysee might have to confront even if jurisdiction <u>were</u> present. It is firmly established that a two-year statute of limitations applies to Illinois-based Section 1983 actions. In this instance, even though the foreclosure sale of Elysee's real estate did not take place until November 15, 1999 (so that his November 15, 2001 filing of this action fell on the second anniversary of that date), that sale simply implemented the judgment of foreclosure

4

that had been entered some 3-1/2 months earlier. In those terms it might well be viewed that Elysee's property deprivation had taken place more than two years before he filed suit, rather than on the date of sale. But that question need not be answered for present purposes, given this opinion's earlier independent holding that subject matter jurisdiction is lacking.

Accordingly Elysee's current motion for reinstatement of this action is denied. Although for reasons other than the more simplistic one stated in the Order, it remains true that this federal court has no subject matter jurisdiction over Elysee's purported action.

                                                                 */s/ Milton I. Shadur*
                                                                 Milton I. Shadur
                                                                 Senior United States District Judge

Date: December 5, 2001